# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TAMMY SMITH**

    *Plaintiff,*

v.                                          **CASE NO.: 4:20cv394-MW/MAF**

**ETHICON, INC.,
and
JOHNSON & JOHNSON,**

    *Defendants*.
_____/

## ORDER ON MOTION TO DISMISS

This Court has considered, without hearing, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 22, and Plaintiff's Response, ECF No. 25. For the reasons set out below, Defendants' motion is **GRANTED in part and DENIED in part**.

Plaintiff's First Amended Complaint alleges that Defendants Johnson & Johnson, and Ethicon, Inc., are residents of New Jersey and "shared many of the same officers, directors and operations, and maintained ownership in the assets and/or liabilities relating to the design, manufacture, marketing, distribution, and sale of the Gynecare TVT Secur medical device," as well as other pelvic mesh medical products. ECF No. 12, ¶¶ 2-4, 14. Plaintiff, a resident of Jefferson County, Florida, underwent surgery in Orange Park, Florida, on December 23, 2009, during

which she received an "Ethicon/Johnson & Johnson TVT-O pelvic mesh implant." *Id*. ¶ 22. Over time, the "TVT-O product implanted in Plaintiff contracted and formed a tight band, causing Plaintiff to suffer from pelvic pain, pain with daily activities, and dyspareunia." *Id*. ¶ 24. On November 15, 2016, she had a "revision surgery" involving the TVT-O pelvic mesh implant at Tallahassee Memorial Hospital. *Id*. Plaintiff alleges that Ethicon, Inc., and Johnson & Johnson are aware of several different kinds of catastrophic injuries and complications that their pelvic mesh products cause, but they continue to manufacture, market, and sell the products, and fail to adequately warn, label, instruct, and disseminate information regarding these products before and after they market and sell them. *Id*. ¶ 38.

Plaintiff alleges six claims for relief against both Defendants; namely, Count I – Failure to Warn; Count II – Strict Liability Design Defect; Count III – Negligence; Count IV – Negligent Misrepresentation; Count V – Gross Negligence; and Count VI – Punitive Damages. This Court will address each claim in turn,[1] starting with Count IV, which Plaintiff has agreed to dismiss. *See* ECF No. 25 at 1 n.1. Accordingly, Defendants' motion to dismiss is **GRANTED** with respect to Count IV.

---

[1] Aside from challenging Count One as part of an overall "shotgun pleading," Defendants do not challenge the sufficiency of Plaintiff's factual allegations with respect to her failure-to-warn claim or otherwise argue that it should be dismissed. Accordingly, because this Court finds Plaintiff's First Amended Complaint is not a shotgun pleading, *infra*, Plaintiff may proceed on this claim.

2

Turning to Count VI, Plaintiff alleges a stand-alone claim for punitive damages. But punitive damages are a remedy, not a separate cause of action. *See Gergenti v. Ethicon, Inc.*, Case No. 2:20-cv-428-FtM-38MRM, 2020 WL 5642001, at *2 (M.D. Fla. Sep. 22, 2020). Plaintiff appears to concede this in her response. *See* ECF No. 25 at 9 (asserting that Plaintiff seeks to hold both Defendants "responsible for failure to warn, strict product liability for design defect, negligence, gross negligence, and is seeking compensatory and punitive damages"). Accordingly, Defendants' motion is **GRANTED** inasmuch as Plaintiff seeks to state a separate cause of action for punitive damages. Count VI is **DISMISSED**, but this is in no way intended to limit the remedies Plaintiff seeks should the balance of her claims proceed.

The parties agree that Florida substantive law applies to Plaintiff's claims; however, they disagree with respect to whether Florida or New Jersey law applies to Plaintiff's request for punitive damages. *See Salinero v. Johnson & Johnson*, 408 F. Supp. 3d 1354 (S.D. Fla. 2019) (addressing analogous choice-of-law issue in pelvic mesh litigation involving same Defendants). Although Florida law governs as to the substantive elements of Plaintiff's claims, it does not *necessarily* govern the question of whether punitive damages are available and, if so, what the standard for awarding those damages is. This is because "Florida courts apply the 'most significant relationship' test, not to a collective sum of issues in dispute, but to each individual

issue which arises in [a] case." *Judge v. Am. Motors Corp.*, 908 F.2d 1565, 1578 (11th Cir. 1990); *see also Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999 (Fla. 1980).

In this case, Plaintiff was injured in Florida, while decisions regarding the design, manufacture, and labeling of the medical product at issue apparently occurred in New Jersey, where both Defendants are incorporated and headquartered. Courts applying Florida choice-of-law principles have repeatedly emphasized the deterrence rationale underlying punitive damages and concluded that the place of tortious *conduct* is more important than the place of *injury* when deciding which state's law should govern punitive damages. *See, e.g.*, *Salinero*, 408 F. Supp. 3d at 1357; *Krause v. Novartis Pharm. Corps.*, 926 F. Supp. 2d 1306, 1310–12 (N.D. Fla. 2013). A state in which a corporate entity resides or a state in which its agents perform tortious acts has a great interest in deterring such behavior. Moreover, in this case, the place of injury is simply "fortuitous." *See Krause*, 926 F. Supp. 2d at 1310 (place of injury in products liability case "simply fortuitous"). Given all this, and because no other single state has an interest in deterrence that outweighs New Jersey's, New Jersey law should govern Plaintiff's claim for punitive damages.[2]

---

[2] Plaintiff emphasizes that deciding this choice-of-law issue is not necessary to resolve the pending motion. ECF No. 25 at 3. While this may be true, this analysis is not premature. *See Sun Life Assurance Co. of Canada v. Imperial Premium Finance, LLC*, 904 F.3d 1197, 1209 (11th Cir. 2018) (noting that it was not premature for district court to conduct choice-of-law analysis at motion-to-dismiss stage). Moreover, it simplifies the analysis of Plaintiff's claims for gross negligence and punitive damages and allows the parties to narrow their focus as this case proceeds

4

Turning to Plaintiff's remaining substantive claims, Defendants assert Plaintiff's First Amended Complaint is an impermissible shotgun pleading because it is replete with conclusory allegations that are not directly connected to any cause of action and are otherwise immaterial or vague. While not the model of clarity, Plaintiff's First Amended Complaint is not a shotgun pleading. Plaintiff's First Amended Complaint contains characteristics indicative of a shotgun pleading. But, the key feature of a shotgun pleading is that it fails to give defendants "adequate notice" of the claims against them and the supporting factual allegations for each claim. *See Harvard v. Inch*, 411 F. Supp. 3d 1220, 1232 (N.D. Fla. 2019) (citation omitted). A complaint is not a shotgun pleading if the pleader's "adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Id.* (citation omitted).

Keeping the above principles in mind, this Court finds that Plaintiff's First Amended Complaint is not a shotgun pleading. The First Amended Complaint clearly alleges all four Counts (failure to warn, strict liability and negligent

---

and the parties prepare their arguments regarding the application of New Jersey law to Plaintiff's request for punitive damages.

5

design/manufacturing defect, and gross negligence) against both Defendants. The claims stem from Plaintiff's injuries resulting from the implantation of a specific pelvic mesh product ("an Ethicon/Johnson & Johnson TVT-O pelvic mesh implant") that Defendants allegedly design, manufacture, market, and sell.

Next, Defendants assert Plaintiff has failed to allege sufficient facts to state a claim for manufacturing defect; specifically, that Plaintiff has failed to identify "the type of aberrational defect required to be shown under Florida law." ECF No. 22 at 12. Plaintiff responds that she is not asserting a claim for manufacturing defect; instead, Plaintiff argues Counts II and III raise claims for strict liability and negligence based on a theory of design defect. ECF No. 25 at 14. However, these claims are replete with allegations regarding manufacturing defect and can be fairly read as alleging liability based on a manufacturing defect along with the detailed allegations of design defect. *See, e.g.*, ECF No. 12, ¶¶ 55(a)-(i) and 61(a)-(j). Accordingly, Defendants' motion is **GRANTED**, but Plaintiff has leave to amend to replead more clearly her claims of design defect as Defendants have not challenged the sufficiency of her allegations to support this theory. *See Kuchenbecker v. Johnson & Johnson*, Case No. 19-61712-CIV-MORENO, 2019 WL 4416079, *1 (S.D. Fla. Sep. 16, 2019) (dismissing claims grounded in conclusory allegations of manufacturing defect while allowing design defect claims to proceed in analogous pelvic mesh litigation).

6

Lastly, Defendants challenge the sufficiency of Plaintiff's allegations of gross negligence in Count V. Florida law permits punitive damages "if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1035 (11th Cir. 2014) (quoting Fla. Stat. § 768.72(2)). "Gross negligence means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." *Id.* (internal quotation marks omitted) (quoting Fla. Stat. § 768.72(2)(b)). In other words, gross negligence is a heightened standard of proof to receive punitive damages under Florida law and not a stand-alone claim. *See, e.g.*, *Johns-Manville Sales Corp. v. Janssens*, 463 So. 2d 242, 247 (Fla. 1st DCA 1984) (discussing punitive damages standard in products liability action).[3] Accordingly, Defendants' motion is **GRANTED** with respect to this claim.

In sum, Defendants' motion to dismiss Plaintiff's First Amended Complaint, ECF No. 22, is **GRANTED in part** and **DENIED in part**. The motion is

---

[3] Moreover, the pleading requirements of section 768.72(1), Fla. Stat., are procedural, and do not override Federal pleading requirements. *See Cohen v. Office Depot, Inc.*, 184 F. 3d 1292 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000). Additionally, as this Court finds New Jersey law governs with respect to pursuing punitive damages, Florida's heightened proof requirement for punitive damages based on a finding of gross negligence is inapplicable here.

7

**GRANTED** with respect to Counts II, III, IV, V, and VI. The motion is **DENIED** with respect to Count I. Counts IV, V, and VI are **DISMISSED with prejudice**.[4] Counts II and III are **DISMISSED without prejudice**. Plaintiff may proceed on Count I and file a second amended complaint clarifying her design defect claims in Counts II and III no later than January 11, 2021.[5]

**SO ORDERED on December 28, 2020.**

                                            <u>s/Mark E. Walker         </u>
                                            **Chief United States District Judge**

---

[4] Punitive damages are not a stand-alone cause of action under New Jersey law. *See In re WellNx Marketing and Sales Practices Litig.*, 673 F. Supp. 2d 43, 58 (D. Mass. 2009) (holding that under Maryland, Massachusetts, and New Jersey law, punitive damages are not a stand-alone cause of action). Instead, punitive damages may be recovered in a negligence action, even if not specifically pleaded in the complaint, where a defendant has been found guilty of a "malicious wrong." *LoRocco v. New Jersey Mfrs. Indem. Ins. Co.*, 197 A.2d 591, 595 (App. Div. 1964) (stating that failure to specifically plead punitive damages is not necessarily a bar when defendant is liable for malicious wrong). Plaintiff has leave to amend to the extent necessary to pursue her claim for punitive damages under New Jersey law.

[5] This Court dismisses claims, not theories. Ordinarily, if a claim includes a theory supported by well-pleaded facts, this Court will not dismiss the claim. But here, Plaintiff's First Amended Complaint is replete with factual allegations supporting a manufacturing defect theory. Plaintiff must amend her pleading to clarify that she is pursuing relief solely for design defect, as she conceded in response to Defendants' motion to dismiss.

8