IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MICHELLE A. GEERY,<br><br>  PLAINTIFF,<br><br>v.<br><br>ETHICON, INC. and<br>JOHNSON & JOHNSON,<br><br>  DEFENDANTS. | CIVIL ACTION NO.<br>6:20-cv-01975-RBD-LRH |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The only claims from Defendants' motion which require a ruling are (1) Failure to Warn (Count I – negligence, and Count III – strict liability), (2) Fraud (Count VI), and (3) Negligent Misrepresentation (Count IX).[1]  Because Plaintiff's Response failed to raise a genuine dispute of material fact on these claims, summary judgment is required.

---

[1] Plaintiff previously stated (Doc. 121 at 8; Doc. 43-44) that she will not pursue the following claims: Manufacturing Defect (Count I (Negligence) to the extent based on manufacturing defect; Count II (Manufacturing Defect–Strict Liability)); Strict Liability-Defective Product (Count IV); Breach of Implied Warranty (Count XI); Breach of Express Warranty (Count XII); Unjust Enrichment (Count XV). Plaintiff's Response (Doc. 134 at n.1) also stated that she will not pursue the following claims: Fraudulent Concealment (Count VII); Negligent Infliction of Emotional Distress (Count X); Constructive Fraud (Count VIII); Violation of Consumer Protection Laws (Count XIII); Gross Negligence (Count XIV). Accordingly, summary judgment should be entered on the above claims.

1

**I.     Plaintiff did not comply with the summary judgment requirements.**

Defendants' motion contained a Statement of Undisputed Facts, supported by pinpoint citations to summary judgment evidence. (Doc. 121 at 2-7). Plaintiff's Response did not dispute any of those facts (*see* Doc. 134 at 2-6) and, therefore, the facts in Defendants' motion are considered undisputed for purposes of summary judgment. *See* Fed. R. Civ. P. 56(c)(1), 56(e)(2)-(3); Case Mgmt. Order, Doc. 101 at 9 (non-movant's response "shall include a distinctly identified section specifying the material facts as to which the responding party contends there are genuine issues for trial together with *pinpoint citations* to the record evidence") (emphasis in original).

Rather than addressing the facts, Plaintiff produced a "Statement of Disputed [sic] Material Facts." (Doc. 134 at 2-6). This does not comply with Rule 56 or this Court's Order. Further, the additional facts are not material. The seminal case on materiality is *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). There, the United States Supreme Court held that "[a]**s to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment**. Factual disputes that are irrelevant or unnecessary will not be counted. . . . This materiality inquiry is independent of and separate from the question of the incorporation of the evidentiary standard into the

2

summary judgment determination. That is, while the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* at 247–48 (emphasis added).[2]

Plaintiff's Response does not satisfy this standard. It instead offers a laundry list of facts (many of which are inaccurate and out of context) which have no bearing on the claims under Florida law. Perhaps most notable is that Plaintiff argues, at length, about the adequacy of the warnings. (Doc. 134 at 9-10, 12-14). Defendants' opening motion previewed that Plaintiff would try this tactic (Doc. 121 at 13, n.4), and as expected, Plaintiff's Response focused on adequacy of the warnings—even though that was not raised in Defendants' motion. Any "facts" or argument on that issue should be disregarded.[3]

Plaintiff's Response also relies on other immaterial facts. These include alleged failure rates for the products (not at issue), Ethicon's development of the Prolift device (not at issue), the implanting surgeon's training on the Prolift and TVT-O devices (not at issue), the review by Plaintiff's implanting surgeon, Dr. Davila, of the Instructions for Use (not in issue), Dr. Davila's decision to use the products and to eventually stop using the Prolift (not at issue), what Dr. Davila

---

[2] *Liberty Lobby* also demonstrates that Plaintiff's reliance on Florida state court cases for the evidentiary standards for summary judgment are incorrect.
[3] *Swintelski v. Am. Med. Sys., Inc.*, -- F. Supp. 3d --, 2021 WL 687202, at *4 (S.D. Fla. Feb. 22, 2021) ("For purposes of this Motion, the Court assumes that AMS's warning was inadequate, focusing only on the question of proximate cause under the learned intermediary doctrine.").

may have liked to know or would have shared with his patients or Plaintiff (not at issue and also contrary to the learned intermediary doctrine), Plaintiff's reliance on information by Ethicon (not at issue and similarly contrary to the learned intermediary doctrine)—and the list goes on and on.  These facts must be also disregarded because they are not material.  *See Swintelski v. Am. Med. Sys., Inc.*, -- F.Supp.3d --, 2021 WL 687202, at *3 (S.D. Fla. Feb. 22, 2021) (district courts are "not required to accept all the nonmoving party's factual characterizations and legal arguments, and the nonmoving party must adduce some concrete evidence that would permit a reasonable fact finder to enter a verdict in its favor").

Similarly, Defendants did not move for summary judgment on punitive damages, yet Plaintiff interjected a choice-of-law controversy on that issue in the Response.  (Doc. 134 at 7-8).  The Court should not issue an advisory opinion on a matter not properly before the Court.  *See Friends of Everglades v. S. Fla. Water*, 570 F.3d 1210, 1216 (11th Cir. 2009).  When Plaintiff needs a ruling on that issue, she should properly raise it by filing a separate motion.

**II.     Plaintiff failed to come forward with evidence of causation.**

Under Rule 56, unless Plaintiff comes forward with competent evidence to demonstrate a genuine dispute of *material* fact on this critical element of causation, summary judgment must be entered.  This was recently explained in *Swintelski*, -- F. Supp. 3d --, 2021 WL 687202, at *3, where the Court granted summary

4

judgment in a pelvic mesh case on the plaintiff's failure to warn claims. *Swintelski* reiterated Florida law: "[w]here a medical device manufacturer raises the learned intermediary defense to contest a failure to warn claim, it is plaintiff's burden to establish the causation element by showing that adequate warnings would have altered the treating physician's decision to prescribe the device at issue." *Id.* (citing, e.g., *Pringle v. Johnson & Johnson*, No. 13-81022-CIV, 2020 WL 4501834, at *4 (S.D. Fla. Jan. 30, 2020) (compiling authority from Florida courts and numerous other jurisdictions establishing that plaintiffs must show that but for the inadequate warning, the treating physician would not have used or prescribed the product)).[4]  Plaintiff failed to satisfy this standard.

Plaintiff does not dispute that Ethicon's duty to warn ran to her implanting surgeon. *Felix v. Hoffman-LaRoche Inc.*, 540 So. 2d 102, 104 (Fla. 1989). Further, there is no duty to warn of adverse events commonly known to those who implant the device. *Light v. Weldarc Co.*, 569 So. 2d 1302, 1303-04 (Fla. 5th DCA 1990); *Byrnes v. Honda Motor Co.*, 887 F. Supp. 279, 281 (S.D. Fla. 1994).

In her Response, Plaintiff incorrectly argues about what her *experts* believed about the Instructions for Use.  That is immaterial.  The relevant perspective is that of Dr. Davila, the implanting surgeon—because under Florida law, the

---

[4] Plaintiff's Response emphasizes *Eghnayem v. Bos. Sci.*, 873 F. 3d 1304 (11th Cir. 2017), but it did not turn on causation, but rather, adequacy of the warnings—which, again, is not in issue. Moreover, *Eghnayem* stated the proper standard for proximate cause which requires entry of summary judgment here.

manufacturer's duty to warn runs to the implanting surgeon. *Felix v. Hoffmann–LaRoche, Inc.*, 540 So.2d 102, 104 (Fla. 1989). This same argument was also considered and rejected in *Swintelski*, -- F. Supp. 3d --, 2021 WL 687202, at *5, where the court rejected an argument by plaintiff who "argues that another expert witness, Dr. Bruce Rosenzweig, will testify about various known yet undisclosed risks from the SPARC product (referring to Dr. Bruce Rosenzweig). But what matters is whether the implanting physician would have altered his decision to implant the product had he been equipped with more detailed warnings."

Further, Plaintiff erroneously argues that, because the warnings were allegedly inadequate, the learned intermediary doctrine does not apply. Not so. This has been considered and rejected under Eleventh Circuit authority:

> [C]ontrary to [plaintiff's] suggestion, AMS's purported failure to provide a sufficiently detailed warning to Dr. Kahn does not preclude him from being considered a so-called "learned intermediary." [Plaintiff] points to no controlling authority in the Eleventh Circuit suggesting that an experienced and highly trained physician like Dr. Khan automatically loses learned intermediary status because a manufacturer provides allegedly insufficient warnings about a product. To the contrary, the Eleventh Circuit has affirmed the grant of summary judgment and a motion to dismiss even in the face of similar claims. *See Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 816 (11th Cir. 2010); *Tutwiler v. Sandoz, Inc.*, 726 F. App'x 753, 756-57 (11th Cir. 2018).

*Swintelski*, -- F. Supp. 3d --, 2021 WL 687202, at *4.

Next, Plaintiff incorrectly asserts that her failure to warn-based claims survive summary judgment because Dr. Davila testified he would have included

additional risks in his risk-benefit discussions. That is not the standard: Florida substantive law requires the plaintiff to show that her treating physician would not have used the product had adequate warnings been provided. *E.g., Hoffmann-La Roche Inc. v. Mason*, 27 So. 3d 75, 77 (Fla. 1st DCA 2009) (where the evidence demonstrated that the treating physician would have prescribed the medication even if the warning label had all the information suggested by the plaintiff, "any inadequacies in the warning label could not have been the proximate cause of [the plaintiff's] injury." The plaintiff therefore "*presented no evidence to establish proximate cause*.") (emphasis added). In addition to the cases in Defendants' opening motion (Doc. 121 at 9-12) which demonstrate application of this standard, *Swintelski* is instructive: "what matters is whether the implanting physician would have altered his decision to implant the product had he been equipped with more detailed warnings." *Swintelski*, -- F. Supp. 3d --, 2021 WL 687202, at *5 (emphasis added). And **where the plaintiff does not dispute that her surgeon would have prescribed and used the mesh sling in her operation even if he had been in possession of more detailed warnings about elevated risks, summary judgment is required**. *Id.* Plaintiff lacks evidence of causation under this standard. Critically important is that the Response did not challenge this unequivocal testimony by Dr. Davila regarding the TVT-O device:

> Q.   **Do you stand by your recommendation and decision to use TVT-O to treat Ms. Geery's stress incontinence in 2006?**

7

> A. **Yes**.
>
> Q. **And nothing Plaintiff's counsel discussed with you changed that, correct**?
>
> A. **No**.
>
> Q. In other words, yes, correct?
>
> A. **Correct**.

E.g., Davila Dep. at 81:24-82:25 (emphasis added; objection omitted); *id*. at 145:5-19.  He testified similarly regarding Prolift:

> Q. And **do you stand by your decision to use Prolift to treat Ms. Geery's pelvic organ prolapse in 2006**?
>
> A. **Yes**.
>
> Q. **And nothing Plaintiff's counsel said to you today changes that, right?**
>
> A. **No**.
>
> Q. **In other words, it does not, correct?**
>
> A. **It does not**.

Davila Dep. at 83:2-18 (emphasis added; objection omitted).

Finally, Plaintiff improperly relies on Dr. Davila's anecdotal testimony about possibly wanting to consider other information or passing along additional warnings to his patients.  This calls for speculation—and it does not satisfy Plaintiff's burden to prove that Dr. Davila would have changed his treatment decision.  Neither this, nor Plaintiff's self-serving affidavit, can avoid summary judgment.  This is because "[t]he adequacy of the manufacturer's warning is

8

'measured by its effect on the physician, [] to whom it owed a duty to warn, and not by its effect on the consumer.'" *Tutwiler v. Sandoz, Inc.*, 726 F. App'x 753, 756 (11th Cir. 2018). Similarly, *Swintelski* explored and rejected that argument as contrary to Florida law: "under applicable Eleventh Circuit authorities, the critical inquiry is not whether [the surgeon] would have communicated more information to his patient who then perhaps would have altered her decision to undergo the surgery. Instead, the relevant question is whether the additional risk information would have impacted the implanting physician's decision to implant the product at issue." *Swintelski*, 2021 WL 687202, at *5.[5] Because Plaintiff has no evidence to establish the element of causation, her failure to warn claims should be dismissed.

### III. Plaintiff's other warning-based claims are barred by the learned intermediary doctrine.

Plaintiff's Response does not dispute that courts routinely find the learned intermediary doctrine applies to any claim based on a manufacturer's alleged failure to warn of risks associated with a prescription drug or medical device. *Beale v. Biomet, Inc.*, 492 F. Supp. 2d 1360, 1372-73 (S.D. Fla. 2007). Plaintiff acknowledges her claims are based on an allegation of inadequacy in the warnings

---

[5] Plaintiff cites to two pre-*Eghnayem* decisions, *Guenther v Novartis Phars. Corp.* and *Kirchman v. Novartis Pharms. Corp.* (Doc. 134 at 11-12), to suggest that what the *plaintiff* would have done is relevant. It is not. And notably, those same cases were cited by the plaintiffs in *Swintelski* (*see* Ex. 1: Pl. Resp., *Swintelski v. AMS*), and the Court's order granting summary judgment rejected that argument, instead applying the well-settled Florida standard for proximate cause; in fact, *Swintelski* did not even cite those cases.

9

that caused injury, yet ignores authority including *Beale*, *Salinero v. Johnson & Johnson*, 400 F. Supp. 3d 1334, 1352–53 (S.D. Fla. 2019), and *Cruz v. Mylan, Inc.*, 2010 WL 598688, at *3 (M.D. Fla. Feb. 17, 2010).  These cases recognize that "the pharmaceutical company's duty to warn stops at the physician or prescriber and does not directly make statements to the ultimate purchaser," and "the ultimate consumer...cannot prove reliance on a misrepresentation of fact about which she has no knowledge;" thus, the learned intermediary doctrine bars a misrepresentation claim where there is no evidence of direct advertising from the company to the consumer.  The same result applies here and Plaintiff has no proof otherwise.  For this alternative reason, Plaintiff's failure-to-warn based claims of fraud and misrepresentation are subject to summary judgment.

## IV. CONCLUSION

Defendants request that the Court enter summary judgment on the claims that Plaintiff has conceded,[6] as well as Plaintiff's claims for failure to warn (Count I to the extent of negligence; Count III), fraud (Count V), and negligent misrepresentation (Count VIII).  Defendants pray for all other relief to which they are entitled.

---

[6] Manufacturing Defect (Count I (Negligence) to the extent based on manufacturing defect; Count II (Manufacturing Defect–Strict Liability)); Strict Liability-Defective Product (Count IV); Breach of Implied Warranty (Count XI); Breach of Express Warranty (Count XII); Unjust Enrichment (Count XV); Fraudulent Concealment (Count VII); Negligent Infliction of Emotional Distress (Count X); Constructive Fraud (Count VIII); Violation of Consumer Protection Laws (Count XIII); Gross Negligence (Count XIV).

This 31st day of March, 2021.

                              Respectfully submitted,

                              */s/ S. Eric Rumanek*
                              S. Eric Rumanek
                              Georgia Bar No. 558047 (admitted *pro hac vice*)
                              Brett Tarver
                              Florida Bar No. 1000408
                              TROUTMAN PEPPER HAMILTON SANDERS LLP
                              Bank of America Plaza
                              600 Peachtree Street NE, Suite 3000
                              Atlanta, GA 30308-2216
                              Telephone: 404.885.3000
                              Facsimile: 404.885.3900
                              Eric.rumanek@troutman.com
                              Brett.tarver@troutman.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within and foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the counsel of record.

This 31st day of March, 2021.

*/s/ S. Eric Rumanek*
S. Eric Rumanek
Georgia Bar No. 558047 (admitted *pro hac vice*)
